# CIRCUIT COURT OF BALTIMORE CITY.

Filed November 1, 1926.

PETER J. WARD
VS.
ALEXANDER J. SHEELER.

*Isidor Goldstrom* for complainant.
*George Eckhardt, Jr.*, for defendant.

FRANK, J.—

The bill in this case was filed by the plaintiff on the seventeenth day of November, 1923, and prays for an injunction against the defendant to restrain him from using, in connection with the business of manufacturing or renovating hats, the name "Ward" either in the firm name of "Ward & Sheeler" or otherwise. The parties had previously been engaged as co-partners, trading as Ward & Sheeler, in the business of manufacturing and renovating hats in Baltimore City. They had had frequent differences, had dissolved partnership, resumed their partnership relations and for some time, prior to the litigation herein referred to. Ward had been employed by Sheeler in his business, which he was conducting as A. J. Sheeler, successor to Ward & Sheeler. The evidence discloses, and it is conceded, that prior to the 17th day of April, 1922, Ward had never in any

manner complained of the action of Sheeler in advertising himself as the successor of the firm of Ward & Sheeler, although he had full knowledge of the fact and had, as above stated, been in the employment of Sheeler at a time when he was so trading.

On April 17, 1922, Ward having started a separate business, Sheeler filed against Ward his bill of complaint in this Court, in which he asked for an injunction to restrain Ward from using, in connection with the business of manufacturing or renovating hats, the name of "Ward & Sheeler" and from similarly using the name of Peter J. Ward" for a period of ten years from October 7, 1918.

The relief prayed in this earlier case was based upon an alleged agreement executed by Ward on October 7, 1918, whereby, in consideration of the sum of $200, he assigned to Sheeler the business of Ward & Sheeler, including the right to use the name of "Ward & Sheeler" in the future conduct of the business by A. J. Sheeler and agreed not to use his own name in the same kind of business for a period of ten years from that date. In that case, as in the pending case, Ward contended that he had executed only a paper in which he merely assigned his interest in the business of Ward & Sheeler to A. J. Sheeler, and that the agreement relied on by Sheeler in that, as also in this case, was a forgery, the contention being that after Ward had written out in pencil the contract which he claims to have executed, all the writing above his signature was erased and the matter constituting the agreement relied on herein, was inserted over his signature, without his knowledge or consent.

First: In the first case of Sheeler vs. Ward, after testimony had been taken and the case fully tried and argued, Judge Duffy signed a decree on the fifth day of February, 1923, dismissing the bill of complaint. This dismissal was on the merits and must have been an adjudication that the pencil agreement offered in evidence was a forgery and, therefore, not binding upon Ward. In paragraph three of the latter's answer filed on April 26th, 1922, he categorically denies the execution and delivery to Sheeler of the said agreement. It would thus appear that the question of the execution of that agreement was directly involved in Judge Duffy's decision and that it has thus become *res adjudicata*. I may say

that Judge Duffy advises me that this is his understanding of his decree.

Second: Assuming, therefore, that the agreement, upon which the defendant relies herein, was never executed by Ward, he, nevertheless, testifies that he did in fact execute an agreement whereby "For the sum of $200" he sold to Sheeler his "right and interest in this line of business"—"Stock and fixtures"—"interest and stock and fixtures in the line of business." I take this to mean that he was selling to Sheeler his interest in the business of Ward & Sheeler and that this would carry with it the good will of that business. If this interpretation is correct, then, by virtue of the acquisition by Sheeler of the good will of the old firm, he acquired the right to advertise himself as the successor of Ward & Sheeler.

Bagbye & Rivers Co. vs. Rivers, 87 Md. 400 at p. 421; Farrand vs. Williams, 88 Mich. 473; 14 L. R. A. 163.

In the case last cited, the court said "Complainants have purchased the business of the old firm. They have the right to advertise themselves as succeeding to and continuing that business. The exercise of such a right does not conflict with any right reserved by the defendant. Complainants, by such holding out, commit no fraud, misrepresentations or deceptions. They publish the truth only." Compare Code, Art. 73-A, Section 41, Sub-Section (10).

It may not be amiss in connection with the question of the proper construction of the contract which Ward admits that he made to recall his failure, over a period of several years, to object to the use by Sheeler of the statement that he was doing business as successor to Ward & Sheeler especially as for a considerable portion thereof he was employed in the business so conducted and may be said to have directly participated in such use and to have acquiesced therein.

Third: This right of Sheeler, however, does not give him the right to use the name of Ward & Sheeler in such manner as to indicate that it is an existing partnership, or that he is doing business under that name. The sign upon the defendants place, of which photographs and descriptions are in evidence, indicates a use of "Ward & Sheeler" in such a way as may fairly lead the public to think that the business there conducted is that of the firm of Ward & Sheeler. The name of

"Ward & Sheeler" appears at the top of a large sign. It is separated by an upright sign of considerable size from the words "A. J. Sheeler, Successor" at the bottom of the sign. It might very well happen that the public would be deceived in believing that the business there conducted was that of Ward & Sheeler. No evidence of such actual deception was offered, but that is not necessary.

Wherever the firm name of Ward & Sheeler is used by the defendant, it should be directly connected with words equally prominent showing that the business is being operated by A. J. Sheeler as successor to Ward & Sheeler. I shall grant an injunction having the effect of requiring the above sign to be changed so as to conform to the above direction within thirty days from the date of the decree and further requiring that all dies shall be so changed within sixty days from that date and that all advertising matter and manufactured goods then on hand or manufactured within said period of sixty days shall be disposed of within one year from the date of the decree and thereafter not used in any manner unless made to conform to the requirements hereof. This indulgence is granted to defendant in view of the long delay and silence of the plaintiff, which while possibly not mounting up to laches or acquiescence entitles the defendant to consideration, in view of the relatively large expenditures made by him.